ROBERT L. BLAND, Judge.
Claimant Elite Laundry Company, a corporation, of Charleston, West Virginia, experienced great difficulty in securing the kind of light delivery truck which it desired for use in its business and had made application to numerous different dealers to furnish the particular type of motor vehicle which it wished to obtain. The first one it was able to secure since the late war was purchased from the Valley Motor Sales, which was described and registered as a one-ton truck. However, this truck was too large to place in the building and it was necessary for it to be parked outside and exposed to changing weather conditions. The next effort made to purchase a truck was to obtain a smaller vehicle. When the Capitol Motor Sales informed claimant that it had a three-quarter-ton Ford truck equipped with the same kind of body, it assumed that it was the same kind of truck and instructed the seller to deliver the same to its place of business. This *198 was done but the delivery was made in the evening after Mr. Walter McNeal, chairman of the board, who conducted the transaction, had retired to his home, and therefore he did not have an opportunity to see the truck until the fo1 lowing morning when he returned to claimant’s place of business.
It is shown that the seller of the truck in question obtained a title from the state road commission and delivered it with the truck to claimant. The purchase price of the truck was to be $2,625.00 and the tax payable to the state was 2% of that amount, or $52.50. Upon the delivery of the truck and title to claimant’s office someone there gave the seller of the vehicle a check for the purchase price of the vehicle including the amount which it had paid for the title. When Mr. McNeal came to the office he immediately perceived that there was an error in the description- of the truck. Instead of being a three-quarter-ton vehicle it was a truck which registration papers showed had a capacity of five thousand pounds. There had been some alteration in the factory description which misled him. The Capitol Motor Sales agreed to reclaim the truck and did so. It offered to return the money which had been paid for the truck by claimant or give claimant credit therefor on any truck which it might thereafter purchase from the company, but it could not refund to claimant the 2% tax which it had paid to the state road commission. Claimant then applied to respondent for such refund but was advised bv the state road commission that it had no way of refunding it. The claimant thereafter filed its claim in this court to obtain an award for the amount of the tax paid as aforesaid to the respondent.
Claimant maintains that since no actual sale of the truck was completed and because the title was transferred through error, the amount of such tax should be refunded to it. It further maintains that the said tax is similar to what is known as consumers’ sales tax and based upon the actual consideration paid on a consummated purchase, and *199 that if no sale has been consummated, no tax is collectible, and in the instant case such tax should not have been co1 lected for the reason that the actual purchase of the truclc was not made by claimant.
It does not appear that the Capitol Motor Sales had any express authority from claimant to obtain on its behalf a title to the truck from the state road commission, but acted voluntarily in the premises.
We are of opinion that upon the showing made by the record that claimant is entitled to an award in this case.
An award is, therefore, made in favor of claimant Elite Laundry Company, a corporation, for the sum of fifty-two dollars and fifty cents ($52.50).